UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
O'NEIL WALLACE,

                              Petitioner,

    -against-

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,

                              Respondent.
-------------------------------------------------------------X

NOT FOR PUBLICATION

**MEMORANDUM
AND ORDER**

12-cv-3382 (CBA)

AMON, Chief Judge:

    Petitioner O'Neil Wallace, appearing *pro se* and currently detained at Franklin Correctional Facility, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a removal order that became final on January 11, 2011 when the Board of Immigration Appeals dismissed his appeal. Although the Court grants petitioner's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the petition is dismissed as set forth below.

    At the outset, the Court notes that this petition cannot proceed under § 2254, which is limited to challenges to a state judgment of conviction. Here, petitioner challenges the removal order entered against him and the revocation of his application for a green card by federal authorities. As such, the Court liberally construes the petition as brought under 28 U.S.C. § 2241.

    The REAL ID Act, enacted May 11, 2005, amended federal law to provide that "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28 [United States Code], or any other habeas corpus provision . . . a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]" 8 U.S.C. § 1252(a)(5). This jurisdictional bar applies equally to indirect challenges to an order of removal. See Delgado v. Quarantillo, 643 F.3d 52, 55 (2d Cir. 2011) (*per curiam*) (holding that district court did not have jurisdiction over indirect challenges to a removal order, including the denial of an I-212 application).

Since petitioner filed this petition challenging his order of removal after the enactment of the REAL ID Act, the district court lacks jurisdiction over this petition. Moreover, transfer to the United States Court of Appeals for the Second Circuit is not available pursuant to 28 U.S.C. § 1631 as this petition was not timely-filed. De Ping Wang v. Dep't of Homeland Security, 484 F.3d 615, 616 (2d Cir. 2007). A petition for review of a Board of Immigration Appeals ("BIA") decision to the Second Circuit must be filed within 30 days of the agency's final removal order. 8 U.S.C. § 1252(b)(1). Here, the BIA entered the final order of removal on January 11, 2011, see Petition at 3, ¶ 9(a)-(d), and this petition was filed here on or about June 30, 2012, more than 30 days later. The Court notes that petitioner also filed an appeal of the BIA decision directly with the United States Court of Appeals. See Petition at 3, ¶ 9(g), see Court of Appeals, 2d Cir., Docket No. 12-955.

Accordingly, the petition for a writ of habeas corpus is dismissed for lack of jurisdiction. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/Chief Judge Amon
Carol Bagley Amon
Chief United States District Judge

Dated: Brooklyn, New York
July 31, 2012